UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH J. JENKINS,<br><br>    Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:19-CV-00324-KOB |

## MEMORANDUM OPINION

This employment discrimination matter comes before the court on the motion to dismiss *pro se* Plaintiff Joseph Jenkins's amended complaint filed by Defendants Postmaster General Megan Brennan and the United States Postal Service. (Doc. 11). Defendants assert that Mr. Jenkins has failed to state a plausible claim for relief under any of the several anti-discrimination statutes that he invokes. For the following reasons, the court agrees and will grant Defendants' motion to dismiss.

I.    **STANDARD OF REVIEW**

A motion to dismiss challenges the legal sufficiency of a complaint. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The complaint will survive the motion to dismiss if it alleges "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the court accepts as true the factual allegations in the complaint. *Id.*

**II. BACKGROUND**

Mr. Jenkins worked as a mail carrier for USPS in Birmingham, Alabama for 20 years before retiring for medical reasons. (Doc. 6 at 12). Mr. Jenkins suffers from PTSD. He received FMLA medical leave for his condition in 2011 and 2015. (*Id.* at 15–16).

On June 27, 2016, Mr. Jenkins's PTSD required him to leave work early. As a result, USPS placed him on emergency off-duty status without pay for the rest of the day. Mr. Jenkins returned to work the next day and his supervisor interviewed him to investigate why he left work early. Mr. Jenkins then received a letter of warning for the incident, which USPS described as his failure to follow instructions and improper conduct. Mr. Jenkins alleges that USPS had no basis to discipline him because his supervisors knew that he had PTSD. (*See* Doc. 6 at 15–19).

Several days later, on August 3, 2016, Mr. Jenkins's supervisor sent a

female mail carrier out to take over his route, though apparently his supervisor ordered the carrier to return after Mr. Jenkins refused to give up his route. Mr. Jenkins alleges that his supervisor's attempt to place a female on his route constitutes gender discrimination. (Doc. 6 at 23–24).

That same day, Mr. Jenkins passed out while delivering mail. USPS assigned another driver to complete his route. Mr. Jenkins did not work the next two days so he could receive medical treatment. He requested administrative leave for those days but USPS assigned him leave without pay. (*See* Doc. 6 at 28–32).

USPS scheduled Mr. Jenkins to work on Saturday, September 3, 2016. Normally Mr. Jenkins did not work on Saturdays, but USPS scheduled him for that day because Labor Day fell on the following Monday, September 5, 2016. Mr. Jenkins called in sick for his Saturday shift. He requested holiday pay for that day but USPS charged him leave without pay. His supervisors interviewed him to determine why he missed work and then issued him a letter of warning for not following instructions and missing work. Mr. Jenkins alleges that USPS did not charge leave without pay to two of his coworkers scheduled to work on September 3, 2016, but he does not allege that those coworkers actually did not work on that day. (*See* Doc. 6 at 33–35).

On September 20, 2016, Mr. Jenkins's supervisor "used her hands"—he does not specify how—while communicating with him. Mr. Jenkins alleges that

he asked her to stop and she responded that Mr. Jenkins was "not [her] daddy" and "better not put [his] hands on her." (Doc. 6 at 22).

Mr. Jenkins filed an EEO complaint in which he alleged that each event described above constituted discrimination and caused a hostile work environment based on gender, age, and disability. USPS investigated Mr. Jenkins's complaint and then issued its Final Agency Decision denying Mr. Jenkins's claims. The EEOC Office of Federal Operations affirmed the agency's FAD. (*See* Doc. 1 at 14–19).

The OFO's written decision informed Mr. Jenkins that he could file a civil action in U.S. District Court to seek relief on his claims within 90 days of receiving the OFO's decision. (Doc. 1 at 20). Mr. Jenkins received the OFO's decision on November 20, 2018 and filed his complaint in this court 94 days later on February 22, 2019. (*See* Doc. 6 at 6).

In his amended complaint, Mr. Jenkins alleges that the events described above constitute (1) gender discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; (2) age discrimination under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Alabama Age Discrimination in Employment Act, Ala. Code § 25-1-1, *et seq.*; (3) disability discrimination and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12112, *et*

*seq.*; (4) disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; and (5) violation of his rights to medical leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (Doc. 6 at 4–5).

Defendants have moved to dismiss all of Mr. Jenkins's claims. They contend that (1) Mr. Jenkins did not timely file his Title VII and Rehab Act claims; (2) the court lacks jurisdiction over his ADA claims; (3) he did not exhaust his administrative remedies for his ADEA claims; and (4) he has failed to state a plausible claim for relief under the FMLA. (Doc. 11 at 1–2). For the following reasons, the court agrees with Defendants on each point and will grant their motion to dismiss.

## III. ANALYSIS

The court has carefully construed Mr. Jenkins's *pro se* amended complaint to the best of its ability to determine the basis for each of his claims. The court analyzes each claim in turn.

### 1. Title VII and Rehab Act Claims

First, Mr. Jenkins asserts that Defendants committed gender discrimination and created a hostile work environment in violation of Title VII and committed disability discrimination in violation of the Rehab Act. Under Title VII and the Rehab Act, a plaintiff may file a civil action in U.S. District Court within 90 days of receiving a government agency's notice of final action on the plaintiff's EEO

complaint. 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1)(2). The plaintiff's failure to timely file a Title VII or Rehab Act claim precludes him from maintaining those claims. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). And when a defendant moves to dismiss a Title VII or Rehab Act claim for being untimely, the plaintiff has the burden of establishing that he met the 90-day filing requirement. *Id.*

Here, Mr. Jenkins does not contest that he filed suit 94 days after receiving the OFO's final decision. But he contends that the court should nevertheless consider his complaint timely filed because "the [EEOC] will presume that this decision was received within five (5) calendar days after it was mailed." (Doc. 15 at 8). He also asserts that "mail delivery is terrible in [his] communities where missed delivery is frequent." (*Id.*).

But the EEOC's five-day presumption to which Mr. Jenkins refers does not save his claims. On the "Certificate of Mailing" attached to the OFO's decision mailed to Mr. Jenkins, the EEOC states, "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." (Doc. 1 at 21).

But that five-day presumption applies to the timing rules for filing a motion to reconsider the OFO's decision with the EEOC. (*See id.* at 19). It does not apply to the timing requirement for filing a civil action in U.S. District Court. Instead,

6

the Eleventh Circuit employs a three-day presumption rule: "[w]hen the date of receipt [of an EEOC right to sue notice] is in dispute, this court has applied a presumption of three days for receipt by mail, akin to the time period established in Fed. R. Civ. P. 6(e)." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005).

In any event, the date of receipt is not in dispute; Mr. Jenkins admits that he received the OFO's decision on November 20, 2018. (Doc. 6 at 6). And even if the court were to apply the three-day presumption to the notice mailed on November 20, 2018, Mr. Jenkins's complaint would still be one day late. Also, his statement that "mail delivery is terrible in [his] communities where missed delivery is frequent" fails to satisfy his burden of establishing that he timely filed his complaint. Bottom line: he received the notice on November 20, 2018 and filed this suit 94 days later on February 22, 2019.

For these reasons, the court will dismiss Mr. Jenkins's Title VII and Rehab Act claims as untimely.

2. ADA Claims

Next, Mr. Jenkins contends that Defendants discriminated against him because of his PTSD in violation of the ADA. But the ADA specifically excludes the United States, and by extension a federal agency like USPS, from the Act's definition of an "employer" that can be subject to an ADA claim. 42 U.S.C.

§ 12111(5)(B)(i); *see Dockery v. Nicholson*, 170 F. App'x 63, 65 (11th Cir. 2006) (finding that the ADA excludes federal agencies from liability for violations of the ADA). So the court will dismiss Mr. Jenkins's ADA claims.

   3.   ADEA Claims

Next, Mr. Jenkins, who is over the age of 40, asserts that Defendants discriminated against him because of his age in violation of the federal ADEA. The ADEA, like Title VII and the Rehab Act, requires a plaintiff to meet certain administrative requirements before filing suit in federal court. The plaintiff must either file a complaint with the EEOC or notify the EEOC of his intention to file suit in federal court within 30 days of filing suit. 29 U.S.C. § 633a(d). If he files an EEOC complaint, then the plaintiff must file suit in court within 90 days of receiving the EEOC's notice of right to sue on his complaint. *Edwards v. Shalala*, 64 F.3d 601, 606 (11th Cir. 1995).

Here, Mr. Jenkins has not alleged that he ever notified the EEOC of his intent to file a complaint of age discrimination in federal court. And his EEOC complaint does not include any allegations of age discrimination. So the court will dismiss Mr. Jenkins's ADEA claims for his failure to exhaust his administrative remedies for those claims.

   4.   Alabama Age Discrimination in Employment Act Claims

Next, Mr. Jenkins also brings his age discrimination claims under the

Alabama Age Discrimination in Employment Act. The United States has not waived its sovereign immunity to suits for violation of this state law, so the court will dismiss Mr. Jenkins's AADEA claims based on USPS's sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

    5.    <u>FMLA Claims</u>

Finally, Mr. Jenkins asserts that he brings claims under the FMLA, but the court cannot discern any basis for his FMLA claims.

In his amended complaint, Mr. Jenkins makes the following references to the FMLA: (1) he had approved FMLA leave in 2011 and 2015 (doc. 6 at 15–16); (2) he "utilize[ed] [his] FMLA correctly" at some point (*id.* at 17); (3) the Joint Contract Administration Manual requires an employer to consider the FMLA (*id.*); (4) his supervisor issued "direct orders that ignored [his] health and safety concerns," he informed her that he "was exercising [his] rights within FMLA," the supervisor did not hear him, and Mr. Jenkins "shut down" (*id.* at 23); (5) his supervisor falsely told an EEO counselor that she "had no knowledge of [Mr. Jenkins's] FMLA case" (*id.* at 26); (6) Mr. Jenkins had "no need to apply for [FMLA] certification approval if [he] was not going to use it" (*id.*); and (7) Mr. Jenkins "followed FMLA procedure by calling-in" on Labor Day (*id.* at 33). Then, in the section of his amended complaint labeled "FMLA," Mr. Jenkins twice states

9

the general protections provided by the FMLA and alleges that an investigative file on his EEO complaint states, "it is not possible to provide hours, days, or weeks that will be counted against your FMLA Entitlement at this time." (*Id.* at 35).

None of Mr. Jenkins's vague references to the FMLA constitute a specific allegation of how Defendants violated the FMLA. He failed to plead how Defendants "denied or otherwise interfered with his substantive rights under the [FMLA]" or "discriminated against him because he engaged in activity protected by the Act" as required to state an FMLA claim. *See Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). So the court will dismiss his FMLA claims for failure to state a plausible claim for relief.

## IV. CONCLUSION

For the reasons stated above, by separate order, the court will **GRANT** Defendants' motion to dismiss.

**DONE** and **ORDERED** this 25th day of November, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE